Birdie Amsterdam, J.
Defendant Arthur Cantor moves for an order dismissing the complaint both individually and as general partner in the defendant Guettol-Cantor Forum Company, on the ground that the cause asserted is barred by the Statute of Frauds (General Obligations Law, § 5-701, subd. 10).
Plaintiff instituted this action against movant and two other defendants to recover damages allegedly sustained by it by reason of defendants’ breach of contract. Plaintiff is engaged in (he business of booking and managing road tours of theatrical productions, and in 1963 it negotiated with defendant Guettel for the arrangement of such a tour for a show. The contract, subsequently entered into, was executed by plaintiff and Henry Guettel Productions (apparently a trade name used by Guettel). *412 Thereafter it was determined that neither Guettel nor Guettel Productions had the rights to produce the show concerned, but that such rights were, in fact, held by defendant Guettel-Cantor Forum Company (the movant partnership herein). Thereupon, plaintiff asserts, an oral agreement was consummated whereby Guettel Productions’ obligations and rights under the previously executed contract with plaintiff were assumed by GuettelCantor Forum Company. It is this oral agreement which movant asserts is in violation of the statute.
Subdivision 10 of section 5-701 of the General Obligations Law mandates the reduction, to a writing, of, inter alia, contracts “ to pay compensation for services rendered in * * * negotiating the purchase, sale, exchange, renting or leasing of * * * a business opportunity, business, its good will, inventory, fixtures or an interest therein ” with certain exceptions not here pertinent. Accordingly, movant argues that as the alleged contract concerned provided for the payment of compensation to plaintiff (in an amount computed as a percentage of receipts) for plaintiff’s services in selling or leasing to theatre owners the “business opportunity” of showing the particular theatrical production, plaintiff may not enforce the contract as it was oral.
Parenthetically, it may be noted that at least three 1 ‘ bookings ” were so arranged, and that written consents to such bookings, executed by someone on behalf of the Guettel-Cantor Company, were submitted on this motion. However, it does not appear that these agreements would constitute a sufficient memorandum of the alleged contract between plaintiff and GuettelCantor for they do not contain all, or in fact, any of the material terms thereof. (See Ward v. Hasbrouck, 169 N. Y. 407.) Nor would the execution of such contracts, alone, constitute (nor are they alleged to constitute) sufficient part performance of the contract to take it without the statute. (See Alhambra Amusement Co. v. Associated First Nat. Pictures, 207 App. Div. 550, affd. 242 N. Y. 528; Matter of Ditson, 177 Misc. 648.) Finally, no claim is urged that plaintiff is entitled to recovery on these three contracts, as fully performed portions of a severable contract, and thus no need exists to examine that possibility.
Subdivision 10 was enacted, in the language of the Law Revision Commission, “ to provide that contracts or agreements for the compensation of business brokers must be evidenced by a memorandum in writing and signed by the party to be charged.” (1949 Report of N. Y. Law Rev. Comm., pp. 609, 613; N. Y. Legis. Doc., 1949, No. 65[G], p. 5.)
*413 It appears from the above-cited study that the intendment of the statute was coverage of those commonly known as “ business brokers ’ See page 621 of the 1949 study cited, wherein the statement is made that “ Other claimants of commissions, such as insurance brokers, commission merchants, auctioneers and others, seem not fairly within the scope of the proposal studied; their claims are more likely to arise out of a regular course of dealing, and any legislation requiring written memoranda would have to fit into a somewhat different framework of existing New York statutes.” In 1964, the section was amended to ‘ ‘ make clear that no recovery on a quantum meruit theory ” would be permissible on a contract within the statute, and while so recommending, the Law Revision Commission indicated that no distinction should be drawn between ‘ ‘ brokers ” and “ finders ” in determining the applicability of the statute. (See N. Y. Legis. Doc., 1964, No. 65[F]), where recommendation was made for an amendment of the statute to include, expressly, claims for commission 6 ‘ for services rendered merely in bringing a buyer and seller together ”.)
No prior decisions in point have been cited by the parties, nor found by this court in this jurisdiction, or in others with similar statutes. This lack of judicial precedent was noted by the court in the recent case of Sorge v. Nott (34 Misc 2d 545, 548) wherein the statute was held to apply to a sale of a “ working interest ” in mineral leases. That court did indicate (p. 552) that a determinative factor in ascertaining whether the transaction was within the statute was whether it could be considered 1 ‘ a venture entered into for profit with the right [on the part of the purchaser, a lessee of the business opportunity] to share in the control of the venture ”. That test would be met herein, for clearly the venture was entered into, for profit, and the theatre owner or lessee acquired a right, to some degree, to control the production. Even absent that right to control, this court does not find any significant or logical distinction between the instant transaction — wherein plaintiff, as, in effect, a commission broker or agent, sells to theatre owners the packaged production, and those cases wherein business brokers, of the more commonly recognized sort, sell to purchasers, stores or luncheonettes. The distinctions between the two transactions appear formal, only. The nomenclature involved is of no consequence.
The purpose behind the structure was to afford protection to principals of businesses against unfounded claims by those purporting to be brokers for them. That purpose would be *414 served by holding the instant agreement within the proscription of the statute. No hardship would be imposed upon those in the business concerned by so holding. Even the parties herein implicitly recognized the need to reduce their agreement to a writing (in fact, to a rather detailed contract) when the first agreement was executed between plaintiff and defendant Gruettel. Accordingly the motion is granted.